IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMINA JOHNSON,<br>   *Plaintiff* | § § § | |
| -vs- | § § | SA-22-CV-00796-XR |
| FEDERAL INFORMATION SYSTEMS, INC.,<br>   *Defendant* | § § § § § | |

## ORDER

On this date, the Court considered Defendant Federal Information Systems, Inc.'s motion to dismiss (ECF No. 7), *pro se* Plaintiff Amina Johnson's motion for remand (ECF No. 8) and motion for default judgment (ECF No. 9) and Defendant's response thereto (ECF No. 10). After careful consideration, the Court issues the following order.

## BACKGROUND

This employment discrimination action arises out of Plaintiff Amina Johnson's termination from her employment as a web developer for Defendant Federal Information Systems, Inc. in April 2021. *See* ECF No. 7-1.

Four months after her termination, Johnson filed a Charge of Discrimination with the Texas Workforce Commission – Civil Rights Division and the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964 on the basis of race and sex. *See* ECF No. 7-2.[1] The charge contains the following allegations:

---

[1] Although not attached to Plaintiff's live complaint, the Court will consider the EEOC charge as part of the pleadings for purposes of this motion to dismiss due to Plaintiff's *pro se* status. *See Boyd v. Canadian Indep. Sch. Dist.*, No. 2:21-CV-95-Z-BR, 2022 WL 837933, at *5 (N.D. Tex. Feb. 17, 2022) (considering EEOC charge not attached to *pro se* complaint for the purposes of assessing a motion to dismiss) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that courts must liberally construe pleadings filed by *pro se* litigants) and *In re Katrina Canal*

> I. PERSONAL HARM: I began my employment on January 9, 2021, as a .net developer. My direct supervisor was Adrian Flores (H/M), Program Manager. My team consisted of myself, another Developer and a Lead Developer[,] both White males. On March 31, 2021, I reported to Mr. Flores that I felt as though I was being treated differently by the Developer, than similarly situated coworkers, because of my race and my gender. I explained the communication methods he used with me were not good; he spoke in a very condescending manner and would constantly throw me under the bus to his superiors if things didnt [sic] work properly. On April 7, 2021, Mr. Flores along with Robert McKay (W/M), Director of Operations, called me regarding my complaint. I was also told I was terminated. I immediately contacted Human Resources and reported not only the discrimination, but retaliation for making my original internal complaint to my supervisor.
>
> II. I was given no legitimate reason(s) for the difference in treatment by my co-worker. I was told by Mr. Flores and Mr. McKay, that my complaint was never discussed with HR because he (Flores) felt as though he had done his due diligence in investigating my concerns.
>
> III. DISCRIMINATION STATEMENT: I believe I have been discriminated against based on my race (black), sex (female), and in retaliation for complaining internally of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

ECF No. 7-2 at 2–3.

On December 15, 2021, the EEOC sent Johnson an email notification that it had reached a decision concerning her case and advising her to download a copy of the decision document from the EEOC Portal. ECF No. 8 at 17. Two weeks later, observing that Johnson had not yet downloaded the document, the EEOC followed up with a letter mailed to Johnson at the address listed on her charge, enclosing a copy of its Dismissal and Notice of Rights ("right-to-sue" letter), indicating that she had 90 days from her receipt of the notice in which to file suit. *Id.* at 17–19.

Johnson filed her original petition in state court on March 28, 2022. *See* ECF No. 1-1. The petition contains the following allegations:

---

*Breaches Litig.*, 495 F.3d at 205 (noting that pleadings in the Rule 12(b)(6) context include attachments to the complaint)); *see also Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (noting that courts may consider "an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged").

1. This is an action for Discrimination and Retaliation against the Plaintiff by the Defendant Federal Information Systems Inc. pursuant to Title VII of the Civil Rights Act of 1964.

2. The Plaintiff Amina Johnson alleges being treated differently by a Developer while assigned to the FTDTL Project to Alexander M. Bartonek in early March 2021.

3. The Plaintiff Amina Johnson alleges that her voice was not being heard and the allegation of discrimination was still occurring to Alexander M. Bartonek and Adrian M. Flores while still assigned to FTDTL Project in April 2021.

4. The Plaintiff Amina Johnson was removed from the FTDTI Project in April 2021 by Adrian M. Flores.

5. The Plaintiff Amina Johnson reported to Robert McKay (Human Resources) of the allegations in April 2021.

6. The Plaintiff Amina Johnson was terminated by the Defendant Federal Information Systems Inc. in April 2021.

ECF No. 1-1 at 1–2. Defendant was served on or about June 29, 2022, and timely removed the case to this Court based on federal question jurisdiction. ECF No. 11 ¶ 2; ECF No. 1 ¶¶ 2–3.

Defendant now moves to dismiss Plaintiff's petition as untimely and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). ECF No. 7. Alternatively, Defendant moves for a more definite statement under Rule 12(e). *Id.* Plaintiff has not directly responded to the motion to dismiss, but has instead filed two motions: a motion to remand (ECF No. 8) and a motion for default judgment (ECF No. 9). Because Plaintiff's motions challenge the Court's ability to exercise jurisdiction over this case and Defendant's ability to defend it, the Court will first address the motion for remand and the motion for default judgment before proceeding to Defendant's motion to dismiss.

3

## DISCUSSION

**I.       Plaintiff's Motion to Remand**

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. If Plaintiff's state-law claims arise under federal law such that they support federal question jurisdiction, they may not be remanded to state court. Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff is master of his complaint and may generally allege only a state-law cause of action even where a federal remedy is also available. *Id.*

In her motion to remand, Plaintiff insists that "[t]his is not a discrimination case" and "no federal question exist[s]." ECF No. 8 at 1, 5. Instead, Plaintiff asserts that "[t]his case is about . . . malice and fraud prior to, during, and proceeding [sic] the EEOC Charge." ECF No. 8 at 1. Plaintiff's petition, however, does not allege state-law claims for "malice and fraud"; it alleges violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et. seq.). Given that the only cause of action in the petition arises under Title VII, a federal law, Defendant has met its burden of establishing that this case was properly removed to this Court based on federal question jurisdiction. Accordingly, Plaintiff's motion to remand (ECF No. 8) must be denied.

## II. Plaintiff's Motion for Default Judgment

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, a court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

As a preliminary matter, Plaintiff's motion for default judgment is procedurally premature because no default has been entered against Defendant. FED. R. CIV. P. 55(a). Fundamentally, however, default judgment is otherwise inappropriate because Defendant timely responded to the petition. Where an action is removed from state court before a defendant answers, the defendant must answer or otherwise respond by the latest of: "(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." FED. R. CIV. P. 81(c)(2).

Plaintiff asserts that Defendant received an electronic copy of the petition via eFileTexas.gov on April 1, 2022. ECF No. 9 at 1. Defendant asserts that it was served with a copy of the summons and complaint on June 29, 2022. ECF No. 11 ¶ 2; *see also* ECF No. 1-2 (state court docket indicating that citation was issued on June 24, 2022 and proof of service was filed on July 1, 2022). The notice of removal was filed on July 25, 2022, and Defendant's motion to dismiss was filed exactly seven days later. *See* ECF Nos. 1, 7. Plaintiff's motion for default judgment (ECF No. 9) is thus denied.

## III. Defendant's Motion to Dismiss

### A. Timeliness of Petition

Defendant moves to dismiss Plaintiff's claims as barred by the statute of limitations. Title VII claims are subject to a statute of limitations that requires a plaintiff to file suit within 90 days of receiving a notice of a right to sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1). A court will dismiss a plaintiff's Title VII action as untimely if a plaintiff files suit after the 90-day statute of limitations has expired. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Id.* (citing *Ringgold v. Nat'l Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)).

### 1. Legal Standard

While Defendant seeks dismissal under Rule 12(b)(1) for want of subject matter jurisdiction, *see* ECF No. 7 at 7–9, the Fifth Circuit has clarified that the 90-day filing requirement is not jurisdictional and is more akin to a statute of limitations. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Accordingly, the Court must convert the motion to dismiss for lack of jurisdiction into a motion for summary judgment. *Gordon v. Acosta Sales & Mktg., Inc.*, No. SA-13-CA-662-XR, 2013 WL 6168855, at *1 (W.D. Tex. Nov. 25, 2013). The Court notes that Plaintiff has already provided some evidence rebutting Defendant's statute-of-limitations argument and therefore does not require additional notice or opportunity to marshal evidence.

Summary judgment is appropriate when the pleadings, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 249.

### 2. Analysis

Generally, the 90-day period commences when the notice of right-to-sue is received at the address supplied to the EEOC by the claimant. *Taylor*, 296 F.3d at 379; *see also Espinoza*, 754 F.2d at 1249. When the parties dispute the date upon which a right-to-sue letter is received, or when the date of receipt is unknown, the Fifth Circuit presumes that the letter was received on or prior to the seventh day after the letter was mailed. *Taylor*, 296 F.3d at 380. The Fifth Circuit has "expressed satisfaction with a range between three and seven days" after the date that the right-to-sue letter was issued by the EEOC. *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007).

The Fifth Circuit follows the "majority rule" to apply Rule 6 of the Federal Rules of Civil Procedure to compute the time periods contained in federal statutes of limitations. *In re Gotham Provision Co., Inc.*, 669 F.2d 1000, 1014 (5th Cir. 1982); *Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465, 465–66 (5th Cir. 1979). Title VII is a remedial statute and "'Rule 6(a) is particularly appropriate in light of the remedial purposes of the Act.'" *See In re Gotham Provision Co.*, 669 F.2d at 1014 (quoting *Lawson*, 600 F.2d at 466). Courts have utilized Rule 6 in calculating deadlines in lawsuits brought pursuant to Title VII. *See Mackie v. Post, Buckley, Schuh & Jernigan, Inc.*, No. CIV.A. SA09CV737-XR, 2010 WL 538234, at *1 (W.D. Tex. Feb. 5, 2010) (collecting cases). The relevant portion of Rule 6 states that to compute time, the 90-day period "excludes the day of the event that triggers the period," and "[i]nclude[s] the last day of the period, but if the last day of the period is a Saturday, Sunday, [or] legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(A) & (C).

The EEOC letter itself, dated December 29, 2021, establishes that Plaintiff had not actually received the right-to-sue letter at any time between December 15 and December 29, 2021. *See* ECF No. 8 at 17 (observing that Johnson had not yet downloaded the decision document as of

December 29). Thus, the presumption does not apply to the date of the email notification, but should instead apply to the date the right-to-sue letter was received by Plaintiff at the address on her EEOC charge.

Even under a conservative assumption that the right-to-sue letter was received on Saturday, January 1, 2022, exactly three days after it was mailed, Plaintiff's complaint was timely filed 86 days later, on March 28, 2022. *See* ECF No. 1-1. Applying the more generous guidelines set forth in Rule 6 excluding weekends, however, the Court presumes instead that Plaintiff received the letter on Monday, January 3, 2022, and, accordingly, that she had until Monday, April 4, 2022 to file her complaint. By either measure, Plaintiff's complaint was timely, and Defendant's motion to dismiss Plaintiff's claims as time-barred (ECF No. 7) must therefore be denied.

### B.    Failure to State a Claim

#### 1.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross &*

*Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

### 2. Analysis

#### a) Race and Sex Discrimination Claims

"Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). A plaintiff can prove discriminatory motive through either direct or circumstantial evidence. *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994). When a plaintiff builds a case on circumstantial evidence, a court

analyzes the plaintiff's claim under the *McDonnell Douglas* framework. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Id.*

The Supreme Court has distinguished the *McDonnell Douglas* evidentiary standard from pleading requirements. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). A district court therefore errs by requiring "a showing of each prong of the prima facie test for disparate treatment at the pleading stage[.]" *Id.* Still, plaintiffs must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

The Fifth Circuit has explained that there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an "adverse employment action," (2) taken against a plaintiff "*because of* her protected status." *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)); *see also id.* (explaining that a plaintiff must allege "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably"); *Pacheco*, 448 F.3d at 787 (a "discriminatory motive is required" for disparate treatment claims).

If a plaintiff's disparate treatment claim depends on circumstantial evidence, she will "ultimately have to show" that she can satisfy the *McDonnell Douglas* framework. *Chhim*, 836 F.3d at 470 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under *McDonnell*

*Douglas*, a prima facie case of discrimination requires evidence that the plaintiff "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 319–20 (5th Cir. 2014)).

In cases involving circumstantial evidence, the Fifth Circuit has counseled that "it can be 'helpful to reference' [the *McDonnell Douglas*] framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citing *Chhim*, 836 F.3d at 470–71 (considering whether the plaintiff pleaded facts suggesting that the employer hired an applicant who was "similarly situated" to the plaintiff or "less qualified" than the plaintiff in accordance with the *McDonnell Douglas* framework)). Still, courts must not inappropriately heighten the pleading standard in Title VII cases by "subjecting plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Id.* (citing *Swierkiewicz*, 534 U.S. at 512 (explaining "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic'"). "Such inquiries are better suited to summary judgment." *Id.* (citing *Thompson v. City of Waco*, 764 F.3d 500, 506 (5th Cir. 2014) (explaining "that further assessment of [appellant's] claim is fact-intensive and better suited for the summary-judgment or trial stage").

Taken together, the allegations in the original petition and the EEOC charge establish that Plaintiff is a member of two protected classes based on her sex (female) and race (Black). *See* ECF No. 1-1; ECF No. 7-2 at 2. Plaintiff's termination certainly constitutes an adverse employment

action, as does, arguably, her removal from the FTDTI Project. ECF No. 1-1 at 1–2. Neither the petition nor the EEOC charge, however, adequately alleges that these actions were taken against her *because of* her sex or race. Plaintiff does not allege, for example, that she was replaced by someone outside of her sex or race. Nor does she identify a similarly situated employee who was not subject to removal from a project or termination.

Plaintiff does assert that her co-Developer treated her differently than similarly situated coworkers by speaking "in a very condescending manner" and "constantly throw[ing] [her] under the bus." ECF No. 7-2 at 2. Even viewed in the light most favorable to Plaintiff, however, the Court cannot reasonably infer from the Developer's allegedly discriminatory conduct that Plaintiff's termination—by Flores, her Program Manager, and McKay, the Director of Operations—was motivated by discriminatory animus. *See* ECF No. 7-2 at 2–3. *Innova Hosp.*, 995 F. Supp. 2d at 602; *Phillips*, 401 F.3d at 642 (stating that courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions"). Finally, to the extent that Plaintiff seeks to challenge the alleged discrimination by her co-Developer, his conduct does not constitute an adverse employment action. The Fifth Circuit "strictly construes adverse employment actions to include only 'ultimate employment decisions,' such as 'hiring, granting leave, discharging, promoting, or compensating.'" *Peterson v. Linear Controls, Inc.*, 757 F. App'x 370, 373 (5th Cir. 2019) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559, 560 (5th Cir. 2007)).

Harassing conduct by coworkers can form the basis of a hostile work environment claim under Title VII. To be actionable, however, such conduct "must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.,* 510

U.S. 17, 21 (1993)). Thus, courts consider "the frequency and severity of the alleged conduct, as well as whether 'it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000) (quoting *Harris*, 510 U.S. at 23). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris*, 510 U.S. at 21 (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). It is not enough to simply show that "colleagues were sometimes offensive and boorish. . . . Title VII does not impose a 'general civility code' on employers." *West v. City of Houston*, 960 F.3d 736, 743 (5th Cir. 2020) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Even if the co-Developer's conduct was motivated by discrimination, Plaintiff's allegations that "her voice was not being heard" and that the Developer treated her in a condescending manner and unjustly blamed her for project failures simply do not rise to the level of creating a hostile work environment. *See, e.g.*, *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 564 (5th Cir. 1998) ("insensitive and rude" comments, "a few harsh words," and "cold-shouldering" do not constitute a hostile work environment); *Kang v. Bd. of Supervisors of La. State Univ.*, 75 F. App'x 974, 977 (5th Cir. 2003) (poor performance evaluation and unjust criticism in front of plaintiff's peers does not constitute hostile working environment), *cert. denied*, 541 U.S. 903 (2004). Permitting a hostile-work-environment claim premised solely on a colleague's condescending behavior to survive a motion to dismiss would indeed convert Title VII into a civility code.

In short, Plaintiff has failed to state a claim for discrimination on the basis of sex or race under Title VII, under either a disparate-treatment theory or a hostile-work-environment theory, and her claim must be dismissed.

### b)   Retaliation Claim

Johnson also alleges a claim for retaliation under Title VII. In addition to prohibiting discrimination, Title VII prohibits retaliation against an employee for engaging in conduct protected by Title VII. *Laster v. City of Kalamazoo*, 746 F.3d 714, 729 (6th Cir. 2014). To establish a claim for retaliation under Title VII, the plaintiff must show that (1) she engaged in a protected activity; (2) there was a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015).

"Protected activity" is defined as "opposition to any practice made unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Green v. Admins. of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 26, 2002) (citing 42 U.S.C. § 2000e–3(a)). The retaliation provisions of Title VII have been interpreted to "protect[] not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices." *Laster*, 746 F.3d at 730. Less formal protests that are still protected under Title VII include "complaints to human resources personnel regarding potential violations of Title VII." *Id.* (quoting *Trujillo v. Henniges Auto. Sealing Sys. N. Am., Inc.*, 495 F. App'x 651, 655 (6th Cir. 2012)); *see also Rodriquez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (concluding that, while opposition to discrimination need not be in formal written form, the plaintiff's internal complaints to management did not constitute

a protected activity because "they did not discrimination or any other unlawful employment activity").

Close timing between an employee's protected activity and an adverse action against him may provide the "causal connection" required to make out a *prima facie* case of retaliation. *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citing *Armstrong v. City of Dallas,* 997 F.2d 62, 67 (5th Cir. 1993)). There is no bright-line rule in the Fifth Circuit for determining whether the time between the protected activity and the allegedly retaliatory conduct is too remote. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39 (5th Cir. 1992) (declining to hold that the passage of fourteen months between the filing of the plaintiff's EEOC complaint and the date of termination was "legally conclusive proof against retaliation"); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (noting that "a time lapse of up to four months has been found sufficient" evidence of a causal connection).

Collectively, the allegations in Plaintiff's original petition and EEOC charge establish that Plaintiff has stated a claim for retaliation under Title VII. First, Plaintiff engaged in a protected activity on March 31, 2021, when she reported to Flores that she felt she was being treated differently than her white, male colleagues because of her race and gender. *See Laster*, 746 F.3d at 730 (informal complaint can constitute protected activity), *Rodriquez*, 540 F. App'x at 328 (same). Specifically, she reported that the other Developer on her team, a white male, spoke to her in a very condescending manner and "would constantly throw [her] under the bus to his superiors if things didn't [sic] work properly." ECF No. 7-2 at 2. Second, Plaintiff's termination approximately one week later is clearly an adverse action. Third, the Court can reasonably infer a causal connection between Plaintiff's complaint and her termination given their close temporal proximity and Plaintiff's allegation that she was told she was being terminated during a call with

management about her complaint. *See* ECF No. 7-2; *Swanson*, 110 F.3d at 1188. Accordingly, Plaintiff has provided sufficient factual allegations to draw the reasonable inference that the elements of her retaliation claim exist. *Innova Hosp.*, 995 F. Supp. at 602.

## CONCLUSION

For the foregoing reasons, Plaintiff Amina Johnson's motion for remand (ECF No. 8) and motion for default judgment (ECF No. 9) are **DENIED**. Defendant Federal Information Systems, Inc.'s motion to dismiss (ECF No. 7) is **GRANTED IN PART and DENIED IN PART**. The motion is granted with respect to Plaintiff's claim for discrimination and denied as to Plaintiff's claim for retaliation. The Court grants Plaintiff leave to file an amended complaint curing the deficiencies in her claim for discrimination **no later than September 30, 2022**.

It is so **ORDERED**.

**SIGNED** this 16th day of September, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE